UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INDICTMENT NO.: 1:21-CR-74MSM-LDA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V.                            )<br>)<br>)<br>NICHOLAS SANNICANDRO, )<br>Defendant )<br>) | SENTENCING MEMORANDUM<br>AND REQUEST FOR A DOWNWARD<br>VARIANCE |

The Defendant, Nicholas Sannicandro ("Sannicandro"), appeared before this Honorable Court on May 8, 2024, and pleaded guilty to a six-count indictment as follows:

- Counts 1, 2: Attempted inducement of a minor to engage illicit sexual activity (18 U.S.C. §2422(b));

- Count 3: Possession and access with intent to view child pornography (18 U.S.C. 2252(a)(4)(B) and (b)(2));

- Counts 4, 5: Attempted transfer of obscene material to a minor (18 U.S.C. §1470; and

- Count 6: Offenses by a registered sex offender (18 U.S.C. 2260A).

This sentencing memorandum is intended to assist the court in fashioning the most appropriate sentence for Mr. Sannicandro. Accordingly, after applying the factors set forth in 18 U.S.C. §3553(a), a downward variance from the advisory guidelines range is warranted.

## Procedural Background

On September 11, 2024, a Presentence Investigation Report ("PSR") was prepared by Probation. The Defendant did not file any objection(s) to this. Mr. Sannicandro has been detained since the time of his arrest, which was June 22, 2021. Sentencing is scheduled for October 16, 2024.

## Argument

Mr. Sannicandro is thirty-four years and is facing substantial incarceration. Counts one, two and three require a mandatory minimum of ten years and count six requires a ten-year sentence to be imposed consecutively to any other sentence. Notwithstanding the advisory guideline range, as set forth in the PSR and pursuant to the 3553(a) factors, Mr. Sannicandro urges this court to sentence him to a term of 240 months followed by a statutory maximum term of lifetime supervised release pursuant to 18 U.S.C. §3583(b)(2).

Mr. Sannicandro is the only child of Mark Sannicandro and Janet Zavota. He was raised by his parents and his great-grandfather, with whom he had an incredibly close relationship. The loss of his great-grandfather seems to have greatly impacted his life to this day. At the age of twelve, Mr. Sannicandro's parents divorced. He lived with his father while his mother engaged in a number of abusive relationships, which caused he and his mother to be estranged for quite some time.

Mr. Sannicandro graduated high school in 2008 and completed two years of college at the Community College of Rhode Island where he received an associates degree. Thereafter, he attended Bridgewater State University where he obtained a bachelor's degree. During his high school years, Mr. Sannicandro struggled with social interactions. Finding solace in dirt bikes, Mr. Sannicandro engaged in competitive racing throughout New England. Unfortunately, this resulted in his suffering from a series of injuries that included a number

of concussions. As a result, of these injuries, Mr. Sannicandro contends that his behavior became more erratic and legal troubles ensued.

Mr. Sannicandro has attended mental health counseling starting when his parents divorced. After his first sex offense, he was referred to sex offender treatment in 2011 at Counseling & Psychotherapy Centers, Inc. in Needham, MA. There, he was treated for two years and returned to therapy in 2020 until the time of his arrest on the instant matter.

## 18 U.S.C. § 3553(a)

Beyond what may be permissible under the Guidelines, "the history and characteristics of the defendant," 18 U.S.C. §§3553(a), and other factors set forth in (a)(2) support a downward variance from the guideline range. Beyond what may be permissible under the Guidelines, "the history and characteristics of the defendant," 18 U.S.C. §§3553(a), and other factors set forth in (a)(2) support a downward variance from the guideline range. The offenses for which Mr. Sannicandro are extremely serious and certainly, this Court must impose a sentence to reflect not only this seriousness, but to promote respect for the law, to provide just punishment for his crimes, and to consider the public's need for protection from future crimes. With that being said, it is important to note that all of the illegal activities Mr. Sannicandro has been involved with have taken place via electronic means. Further, is the fact that there is no indication that he has ever sexually abused a child. The Government, in asking for a 480-month sentence, is seeking for the Court to impose a "de facto life sentence." See Life Sentences in the Federal System, United States Sentencing Commission (July 2022) at page 16. Notwithstanding, Mr. Sannicandro is hopeful that a sentence be imposed that is sufficient but not greater than necessary.

While the advisory guideline calculation remains an important consideration, it is "not the only consideration" in determining the appropriate sentence. Gall v. United States, 552

U.S. 38, 49 (2007). To the contrary, the guidelines "reflect a rough approximation on sentences that might achieve §3553(a)'s objectives." Rita v. Unites States, 551 U.S. 338, 350 (2007). A sentencing court "may not presume that the Guidelines range is reasonable." Gall, 552 U.S. at 50 (citing Rita, 551 U.S. at 351). Rather, the court must make an "individualized assessment based on the facts presented." Gall, 552 U.S. at 50.

This is a case in which this Court should reject the advice of the guidelines. The defense contends that the application of the guidelines range will result in a "the longer, the better" sentence based on Mr. Sannicandro's history. Given his prior criminal conduct, a sentence of 240 months is more than a sufficient deterrent for Mr. Sannicandro individually, as well as for others. Moreover, Congress has explicitly directed that "imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. §3582(a). Thus, imprisoning Mr. Sannicandro for the term demanded by the guidelines cannot be justified on the basis of offering him any rehabilitation, education, or vocational training.

In sum, it is undisputed that this is a very complicated, serious and difficult case to navigate through sentencing. Notwithstanding, Mr. Sannicandro asks this Court to depart from the advisory guidelines and sentence him to 240 months followed by lifetime supervised release.[1]

Respectfully submitted,

/s/ Frank D. Camera
Frank D. Camera, Esquire
Admitted *Pro Hac Vice*

Date: October 15, 2024

/s/ Kathryn Blythe
Kathryn Blythe, Esquire
Local Counsel, RIBar# 8671
99 S. Main Street, Suite 220
Fall River, MA 02721
Tel: 508-677-2878
Email: kathryn@camera-law.com

---

[1] The Defendant has submitted a letter for this Court to consider when imposing a sentence. Please see Attachment A.

## CERTIFICATE OF SERVICE

I, Kathryn Blythe, hereby certify that this document filed through the ECF system was sent electronically to the registered participants as identified on the Notice of Electronic filing on October 15, 2024.

/s/ *Kathryn Blythe*